UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSEPH J. FANUCCHI, M.D., | Case No: C 11-0737 SBA |
| Plaintiff, | **ORDER** |
| vs. | Docket 9 |
| PATRICK R. DONAHOE, U.S. Postmaster General, | |
| Defendant. | |

The parties are presently before the Court on Defendant's motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1)&(6), which initially was set for hearing on July 26, 2011 and then continued to September 13, 2011. Dkt. 9, 12. Under the version of Civil Local Rule 7-3 in effect at the time the motion was filed, any opposition or statement of non-opposition had to be filed no later than twenty-one days before the noticed hearing date. As such, Plaintiff's response to the instant motion should have been filed by no later than August 23, 2011. Paragraph 8 of the Court's Standing Orders expressly warns as follows: "**Effect of Failing to Oppose a Motion**: The failure of the opposing party to timely file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion." Dkt. 8 at 2. Notwithstanding the requirements of Civil Local Rule 7-3 and the Court's warnings in its Standing Orders, Plaintiff, who is represented by counsel, failed to file any response to Defendant's motion by August 23, 2011.

On August 30, 2011, Plaintiff's counsel filed a motion to enlarge time to file an opposition, stating that she misread the Civil Local Rules and believed the deadline for filing an opposition was August 30, 2011. Dkt. 19. Plaintiff's counsel states that she

1  contacted Defendant's counsel to obtain his consent to her motion and stated that she had
2  expressed her willingness to agree to continue the hearing date so that Defendant could
3  avoid any prejudice resulting from her failure to file a timely reply. Id.  According to
4  Plaintiff's counsel, Defendant's counsel refused to agree to any arrangement allowing for a
5  late filed opposition. Id.  Hence, Plaintiff filed the instant motion, requesting that she be
6  permitted to file an opposition on August 30, 2011 and that Defendant be permitted to reply
7  by no later than September 6, 2011. Id.
8       This Court does not treat the rules pertaining to deadlines upon which oppositions
9  are due as insignificant or arbitrary requirements.  This Court finds the lack of compliance
10 with such requirements to be a failure to prosecute the action under Federal Rule of Civil
11 Procedure 41(b).  "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may
12 dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet
13 963 F.2d 1258, 1260 (9th Cir. 1992).  As such, the failure to file an opposition to a motion
14 to dismiss in the manner prescribed by the Court's Local Rules and this Court's Standing
15 Orders is grounds for dismissal. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per
16 curiam).  Therefore, the Court DENIES Plaintiff's motion, which provides Defendant with
17 insufficient time to respond to any opposition.  Nevertheless, the Court will sua sponte
18 afford Plaintiff an additional opportunity to oppose the motion without prejudicing
19 Defendant's interests.  While the Court does not countenance Plaintiff's disregard of the
20 Civil Local Rules or its Standing Orders, the Court grants this additional opportunity in
21 consideration of less drastic alternatives to dismissal. See Pagtalunan v. Galaza, 291 F.3d
22 639, 642 (9th Cir. 2002).  Nonetheless, Plaintiff is warned that the failure to comply with
23 this Court's Civil Local Rules and Standing Orders, as well as any other Order of this
24 Court, including filing responses and oppositions by the deadlines set by the Court, will be
25 deemed grounds for dismissing the action under Rule 41(b), without further notice.
26 Accordingly,
27 //
28 //

IT IS HEREBY ORDERED THAT:

1.  With regard to Defendant's motion to dismiss, the Court will not strike as untimely Plaintiff's opposition filed on August 30, 2011, which was due on August 23, 2011. However, Plaintiff is not permitted to file any additional materials pertaining to the motion to dismiss without a showing of substantial good cause at least twenty (20) days in advance of any hearing on the motion. The failure to comply with this Order will result in the dismissal of the action. If applicable, Defendant shall file a reply by no later than **September 20, 2011**.

2.  The motion hearing and Case Management Conference scheduled for September 13, 2011 is CONTINUED to the next available hearing date of **October 18, 2011 at 1:00 p.m.** No further continuances of the hearing date will be permitted. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court, in its discretion, may resolve the motion without oral argument. The parties are advised to check the Court's website to determine whether a court appearance is required.

3.  This Order terminates Docket 19.

IT IS SO ORDERED.

Dated: September 1, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge