UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSEPH J. FANUCCHI, M.D., | Case No: C 11-0737 SBA |
| Plaintiff, | **ORDER** |
| vs. | Docket 9 |
| PATRICK R. DONAHOE, U.S. POSTMASTER GENERAL, | |
| Defendant. | |

Plaintiff Joseph J. Fanucchi, M.D., ("Plaintiff") filed the instant employment discrimination complaint under the Jury System Improvements Act ("JSIA"), 28 U.S.C. § 1875, against Defendant Patrick R. Donahoe, U.S. Postmaster General, ("Defendant"). The parties are presently before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby ORDERS supplemental briefing on the issue of subject matter jurisdiction as set forth below.

I.  **BACKGROUND**

On April 10, 2001, Plaintiff was hired by Defendant as the Associate Area Medical Director for the Pacific Area Office, U.S. Postal Service. Dkt. 1 ¶ 5. At the time he was hired, Plaintiff executed a 5-year employment contract with Defendant. Id. ¶8. In April

2005, Plaintiff was informed that he was selected to serve as the foreman of a federal grand jury for the Northern District of California. Id. ¶13. From April 2005 until October 2006, Plaintiff served on the federal grand jury. Id. ¶ 14. In June 2005, Defendant informed Plaintiff that his contract was being terminated. Id. ¶ 18. Plaintiff took the position that he was being impermissibly fired for his grand jury service, whereas Defendant took the position that he was being terminated for budgetary reasons. Id. ¶¶27, 28, 51-63. On June 30, 2005, Plaintiff was terminated. Id. ¶ 5. As directed by Defendant, Plaintiff took his termination complaint before the Postal Service Board of Contract Appeals. Id. ¶ 7; Dkt. 22, Ex. O. On December 30, 2010, the PSBCA determined that it did not have jurisdiction over Plaintiff's claim that he was terminated for serving on a federal grand jury. Id.

On February 17, 2011, Plaintiff filed the instant action against Defendant. Dkt. 1. Plaintiff asserts the following causes of action: (1) discrimination for grand jury service in violation of the JSIA, 18 U.S.C. § 1875; (2) discriminatory retaliation for grand jury service in violation of the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1201, and the JSIA, § 18 U.S.C. 1875. Id. On April 18, 2011, Defendant filed a motion to dismiss. Dkt. 9. Defendant asserts, inter alia, that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because the United States Postal Service ("USPS") is a federal agency immune from suit, and that sovereign immunity has not been waived in connection with the JSIA. Id.

**II.   LEGAL STANDARD**

A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). A complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). In a "facial" challenge, the court assumes the truth of plaintiff's factual allegations and draws all reasonable inferences in its favor. Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009). In the case of a "speaking"

motion, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). In that case, "[i]t then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." Colwell v. Department of Health and Human Servs., 558 F.3d 1112, 1121 (9th Cir. 2009) (internal quotation marks and citation omitted). However, a facial attack need not be converted to a speaking motion where "the additional facts considered by the court are contained in materials of which the court may take judicial notice." Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994) (citation omitted). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Rattlesnake Coalition v. United States Envtl. Protection Agency, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

## III.  DISCUSSION

It is well settled that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The United States must consent to be sued, and "the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). The USPS is an "independent establishment" of the executive branch and, thus, is part of the government and cannot be sued absent a waiver. U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd., 540 U.S. 736, 744 (2004) (citing 39 U.S.C. § 201). A two-step analysis applies as to whether sovereign immunity protects the USPS from suit. Id. (applying two-step analysis set forth in Meyer to USPS); Currier v. Potter, 379 F.3d 716, 724 (9th Cir. 2004) (applying two-step analysis in Flamingo and Meyer to find a private right of action in favor of users of mail and against the USPS for discrimination); Reynoso v. City and County of San Francisco, C 10-00984 SI, 2011 WL 1667370, **1-2 (N.D. Cal. May 3, 2011) (Illston, J.) (applying Meyer two-step test to determine whether United States was immune from suit for a constitutional tort claim). The first step is to determine whether immunity from suit has

been waived. Id. The second step is to determine whether the substantive law at issue provides an avenue for relief against the federal entity. Id.

In connection with Defendant's motion to dismiss for lack of subject matter jurisdiction, the parties do not address the two-step test set forth above. Normally such a failure would result in the denial of the motion for failure to show entitlement to the relief sought. However, the Court has a responsibility to determine the extent of its subject matter jurisdiction, and therefore orders the parties to file supplemental briefing addressing the two-part test as directed below.

To assist the parties in connection with their supplemental briefing, the Court notes certain legal concepts relevant to an analysis under the two-part sovereign immunity test. The Court notes that the Postal Reorganization Act ("PRA") provides that the USPS has the power to "sue and be sued in its official name." 39 U.S.C § 401(1). The Court also notes that the United States Supreme Court has found that this provision satisfies the first step of the two-step test of the sovereign immunity analysis. Flamingo Indus., 540 U.S. at 743-44. Thus, while the parties may address the first-step of the jurisdictional analysis, they should focus their briefing on the issue of whether the substantive law, i.e., the Jury System Improvements Act, 28 U.S.C. § 1875, applies to the USPS in particular or federal entities in general. The Court directs the parties' attention to the PRA itself, wherein it exempts the USPS from some federal statutes and subjects them to others. 39 U.S.C. §§ 409, 410. The parties should not limit their discussion to the provisions in §§ 409 and 410.

Finally, the Court notes that Plaintiff relies upon Gomez-Perez v. Potter, 553 U.S. 474 (2008), for his position that the USPS is not protected by sovereign immunity. However, Gomez involved the Age Discrimination in Employment Act ("ADEA"), which contained a federal-sector provision applying the ADEA to federal entities and the USPS specifically. See 29 U.S.C. § 633a(a). Therefore, the substantive law of the ADEA applies to the USPS, and the second-step of the analysis is satisfied under the ADEA. Plaintiff has pointed to no provision of the JSIA or any other law that generally applies the Act to

1 | federal entities or specifically applies the Act to the USPS. Thus, <u>Gomez</u> does not appear
2 | to support Plaintiff's position.

## IV. CONCLUSION

For all the foregoing reasons, IT IS HEREBY ORDERED THAT the parties shall file simultaneous initial supplemental briefs of no more than ten (10) pages consistent with this Order by no later than fourteen (14) days from the date of this Order. The parties shall file simultaneous reply supplemental briefs of no more than five (5) pages consistent with this Order by no more than seven (7) days from the date their initial supplemental briefs are filed.

IT IS SO ORDERED.

Dated: October 13, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge