UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JOSEPH J. FANUCCHI, M.D.,<br><br>    Plaintiff,<br><br>vs.<br><br>PATRICK R. DONAHOE, U.S. POSTMASTER GENERAL,<br><br>    Defendant. | Case No: C 11-0737 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS UNDER RULE 12(B)(1) AND DENYING MOTION TO DISMISS UNDER RULE 12(B)(6)**<br><br>Docket 9 |

Plaintiff Joseph J. Fanucchi, M.D. ("Plaintiff") brought the instant employment discrimination action under the Jury System Improvements Act ("JSIA"), 28 U.S.C. § 1875, and the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 1201, against United States Postmaster General Patrick R. Donahoe ("Defendant").  Compl., Dkt. 1.  The parties are presently before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. 9.  Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS Defendant's motion to dismiss for lack of subject matter jurisdiction and DENIES Defendant's motion to dismiss for failure to state a claim as MOOT.  The Court, in its discretion, finds these matters suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.     BACKGROUND**

On April 10, 2001, Plaintiff was hired by Defendant as the Associate Area Medical

Director for the Pacific Area Office, United States Postal Service.  Compl. ¶ 5.  At the time he was hired, Plaintiff executed a 5-year employment contract with Defendant.  Id. ¶ 8.  In April 2005, Plaintiff was informed that he was selected to serve as the foreman of a federal grand jury for the Northern District of California.  Id. ¶ 13.  From April 2005 until October 2006, Plaintiff served on the federal grand jury.  Id. ¶ 14.  In June 2005, Defendant informed Plaintiff that his contract was being terminated.  Id. ¶ 18.  Plaintiff took the position that he was being impermissibly fired for his grand jury service, whereas Defendant took the position that he was being terminated for budgetary reasons.  See id. ¶¶ 27-28, 51-63.  On June 30, 2005, Plaintiff was terminated.  Id. ¶ 5.  As directed by Defendant, Plaintiff took his termination complaint before the United States Postal Service Board of Contract Appeals ("PSBCA").  Id. ¶ 7; Dkt. 22, Exh. O.  On December 30, 2010, the PSBCA determined that it did not have jurisdiction over Plaintiff's claim that he was terminated for serving on a federal grand jury.  Id.

On February 17, 2011, Plaintiff filed the instant action against Defendant alleging two claims for relief: (1) discrimination for grand jury service in violation of the JSIA; (2) discriminatory retaliation for grand jury service in violation of the CSRA and the JSIA.  See Compl.  On April 18, 2011, Defendant filed a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  Dkt. 9.  In his motion to dismiss under Rule 12(b)(1), Defendant argues, among other things, that this Court lacks subject matter jurisdiction over Plaintiff's JSIA claims because the United States Postal Service ("USPS") is a federal agency immune from suit, and that sovereign immunity has not been waived in connection with the JSIA.  Id.

On October 17, 2011, this Court issued an Order directing the parties to file supplemental briefing addressing the two-step analysis set forth in FDIC v. Meyer, 510 U.S. 471, 475 (1994) for determining whether the United States is immune from suit under the doctrine of sovereign immunity.  Dkt. 31.  To assist the parties with their supplemental briefing the Court stated: "The Court notes that the Postal Reorganization Act ("PRA")

provides that the USPS has the power to 'sue and be sued in its official name.' 39 U.S.C § 401(1). The Court also notes that the United States Supreme Court has found that this provision satisfies the first step of the two-step test of the sovereign immunity analysis[,]" citing U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd., 540 U.S. 736, 743-744 (2004). Id. The Court directed the parties to focus their briefing on the issue of whether the substantive law, i.e., the JSIA, applies to the USPS in particular or federal entities in general. Id. The Court also directed the parties to review the PRA, which "exempts the USPS from some federal statutes and subjects [it] to others[,]" citing 39 U.S.C. §§ 409, 410. Id.

On October 27, 2011, the parties filed supplemental briefs. Dkt. 32, 35. Reply briefs were filed on November 3, 2011. Dkt. 36, 37.

## II.     DISCUSSION

### A.     Motion to Dismiss Under Rule 12(b)(1)

#### 1.     Legal Standard

A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). A complaint may be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). A challenge to subject matter jurisdiction may be facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Where, as here, the challenge to jurisdiction is a facial attack, i.e., the defendant asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction, Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1038 (9th Cir. 2004), the court assumes the truth of plaintiff's factual allegations and draws all reasonable inferences in his favor. Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." Rattlesnake Coalition v. United States Envtl. Prot. Agency, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007).

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-1088 (9th Cir. 2002); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a

court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

### 2. JSIA Claims

Plaintiff alleges that Defendant unlawfully discriminated against him in violation of the JSIA by terminating him shortly after he informed USPS managers that he was selected to serve on a federal grand jury. Compl. ¶ 60. Plaintiff also alleges that Defendant unlawfully retaliated against him in violation of the JSIA after he filed complaints pursuant to the procedures of the PSBCA. Id. ¶¶ 65-69. Specifically, Plaintiff claims that Defendant, through his agents, placed documents critical of his performance in his Official Personnel File and removed documents from his file that praise his performance. Id. ¶ 70. Defendant contends, among other things, that Plaintiff's JSIA claims should be dismissed because they are barred by the doctrine of sovereign immunity.

The doctrine of sovereign immunity is jurisdictional in nature, and the terms of the United States' consent to be sued define the court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 586 (1941). As an independent establishment of the executive branch of the Government of the United States, the USPS enjoys federal sovereign immunity absent a waiver. Dolan v. U.S. Postal Serv., 546 U.S. 481, 483-484 (2006). In determining whether a federal agency or entity is amenable to suit under a particular substantive provision of law, a two-step analysis is employed. Meyer, 510 U.S. at 484; see Flamingo Indus., 540 U.S. at 743 (two-step analysis in Meyer applies to actions against the USPS). Under this analysis, the first inquiry is whether immunity from suit has been waived. Id. If a waiver is found, the second inquiry is whether an avenue for relief is made available by the substantive law underlying the claim. Id. Each inquiry is "analytically distinct," and must be addressed in turn. Id.

#### a. Waiver of Sovereign Immunity

"The PRA waives the immunity of the Postal Service from suit by giving it the power 'to sue and be sued in its official name.' " Flamingo Indus., 540 U.S. at 741 (quoting

39 U.S.C § 401).  When Congress passes enabling legislation allowing an agency or other entity of the Federal Government to be sued, the waiver is to be liberally construed.  Id. at 741; Meyer, 510 U.S. at 480.  Agencies or other entities of the Federal Government authorized to "sue and be sued" are presumed to have fully waived immunity, absent a "clear showing" that an implied limitation should be imposed.[1]  See Meyer, 510 U.S. at 480-481 (quotation marks and citations omitted).  Accordingly, courts considering the scope of the waiver effectuated by the PRA's sue-and-be-sued clause have given it broad effect, rendering the USPS fully amenable to suit.  Flamingo Indus., 540 U.S. at 742-744; see also Loeffler v. Frank, 486 U.S. 549, 554-555, 565 (1988); Franchise Tax Bd. of Cal. v. U.S. Postal Serv., 467 U.S. 512, 519-521, 525 (1984).

### b.     Substantive Law

Having found in the PRA a waiver of sovereign immunity for actions against the USPS, the Court turns to the second step of the Meyer analysis, which requires a determination of whether "the source of substantive law upon which the claimant relies provides an avenue for relief."  Meyer, 510 U.S. at 484.  Here, the question is whether Congress intended the JSIA to apply to the USPS.  See Flamingo Indus., 540 U.S. at 744 ("While Congress waived the immunity of the Postal Service, Congress did not strip it of its governmental status.  The distinction is important.  An absence of immunity does not result in liability if the substantive law in question is not intended to reach the federal entity.").  Under Meyer's second step, the Court must look to the JSIA to determine whether the substantive liability defined in the statute extends to the USPS.

---

[1] "[S]ue-and-be-sued clauses cannot be limited by implication unless there has been a 'clea[r] show[ing] that certain types of suits are not consistent with the statutory or constitutional scheme, that an implied restriction of the general authority is necessary to avoid a grave interference with the performance of a governmental function, or that for other reasons it was plainly the purpose of Congress to use the 'sue and be sued' clause in a narrow sense."  Meyer, 510 U.S. at 480.  The USPS does not attempt to make the clear showing necessary to overcome the presumption that immunity has been fully waived.  Rather, Defendant assumes for the purposes of this motion that the PRA waives the immunity of the USPS from suit.  See Def.'s Supp. Brief at 2.

The JSIA imposes liability on "any employer" that "discharge[s], threaten[s] to discharge, intimidate[s], or coerce[s] any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." 28 U.S.C. § 1875(a), (b). According to Plaintiff, because the plain language of the statute does not exempt federal employers from its protections, the USPS is subject to liability under the JSIA. See Pl.'s Supp. Brief at 7. The Court rejects this argument. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). Sovereign immunity is strictly construed, in terms of its scope, in favor of the sovereign. Id. The party asserting a waiver of sovereign immunity bears the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress. Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1088 (9th Cir. 2007).

The Court finds that Plaintiff has failed to carry his burden of demonstrating that the JSIA provides an avenue for relief. Plaintiff has not shown that the substantive prohibitions of the JSIA apply to the USPS. Plaintiff has not identified, and the Court could not locate, any statutory text in the JSIA that unequivocally waives the USPS's sovereign immunity, i.e., an express statement from Congress establishing that the USPS has waived its sovereign immunity to be sued under the JSIA. Instead, Plaintiff argues that the statute waives sovereign immunity because the "plain language of the statute includes all employers and does not exempt federal employers from its protections." Pl.'s Supp. Brief at 7.

While the JSIA does not define "employer" and is silent as to whether the USPS has waived its sovereign immunity, these circumstances do not establish that the USPS has waived its sovereign immunity. A waiver of sovereign immunity cannot be implied as Plaintiff suggests; rather, it must be unequivocally expressed in statutory text. The plain language of the statute cannot be construed as containing an express waiver of sovereign immunity. Indeed, when Congress intends to waive sovereign immunity, it provides

express statutory language doing so.  For example, Congress has provided express statements waiving sovereign immunity in other employment-related statutes, including Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, et seq.,[2] and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.[3]

Because the JSIA does not contain an express statement from Congress establishing that the USPS has waived its sovereign immunity from suit, the remaining question is whether the USPS is subject to liability under the JSIA pursuant to the terms of the PRA. The PRA refers in explicit terms to various federal statutes and specifies that the USPS is exempt from some and specifically subject to others.  Flamingo Indus., 540 U.S. at 741, 746 (citing 39 U.S.C. §§ 409-410).

Section 410(a) of the PRA grants the USPS a broad exemption from many laws.  See Nat'l Easter Seal Soc'y v. U.S. Postal Serv., 656 F.2d 754, 767 (D.C. Cir. 1981) (noting that the legislative history indicates that § 410(a) was meant to be a broad exemption).  It provides:

> Except as provided by subsection (b) of this section, and except as otherwise provided in this title or insofar as such laws remain in force as rules or regulations of the Postal Service, *no Federal law dealing with public or Federal contracts, property, works, officers, employees, budgets, or funds*, including the provisions of chapters 5 and 7 of title 5, *shall apply to the exercise of the powers of the Postal Service*.

39 U.S.C. § 410(a) (emphasis added).

---

[2] Title VII provides, in relevant part, that: "All personnel actions affecting employees or applicants for employment . . . in the *United States Postal Service* . . . shall be made free from any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a) (emphasis added).  Within 90 days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, an employee may file a civil action.  42 U.S.C. § 2000e-16(c).

[3] The ADEA provides, in relevant part, that: "All personnel actions affecting employees or applicants for employment who are at least 40 years of age . . . in the *United States Postal Service* . . . shall be made free from any discrimination based on age."  29 U.S.C. § 633a(a) (emphasis added).  "Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter."  29 U.S.C. § 6339a(c).

Thus, except as otherwise provided in the statute, the USPS is exempt from federal laws "dealing with public or Federal contracts, property, works, officers, employees, budgets or funds."  Section 410(b) enumerates specific federal laws that apply to the USPS.  See 39 U.S.C. § 410(b).  The JSIA, however, is not among the enumerated laws.  See id.  Nor is the JSIA among the enumerated laws in § 409 that apply to the USPS.  See 39 U.S.C. § 409.  Accordingly, the PRA neither exempts the USPS from nor subjects it to liability under the JSIA by express mention.  In his motion to dismiss, Defendant contends that the PRA does not subject the USPS to substantive liability under the JSIA because the JSIA falls within the broad exemption of § 410(a) as it is a federal law "dealing with" employees.  For the reasons set forth below, the Court agrees.

The phrase "dealing with" is not defined in the PRA.  "Where a statutory term is not defined in the statute, it is appropriate to accord the term its 'ordinary meaning.' "  United States v. Mohrbacher, 182 F.3d 1041, 1048 (9th Cir. 1999) (internal citation omitted).  "When there is no indication that Congress intended a specific legal meaning for the term, the court may look to sources such as dictionaries for a definition."  Id. (citing Muscarello v. United States, 524 U.S. 125 (1998) (relying upon dictionaries, literature, and newspaper reports, in addition to legislative history, to ascertain the meaning of the word "carry")).

In a different context, the Supreme Court has recognized that "dealing with" is a "broad term."  See N.L.R.B. v. Cabot Carbon Co., 360 U.S. 203, 211 (1959) (construing "dealing with" as used in 29 U.S.C. § 152(5)).  In the context of the PRA, the Eleventh Circuit has noted that the dictionary definition of "dealing with" is "to be concerned."  United States v. Menendez, 440 Fed. Appx. 906, 911 (11th Cir. 2011) (quoting *Webster's II New Riverside University Dictionary* 350 (1984)).  The phrase "dealing with" in § 410(a) has been construed broadly to exempt the USPS from laws that "have something to do with" or involve the exempt areas identified in § 410(a).  See Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv., 541 F.Supp.2d 95, 96 (D. D.C. 2008) (holding that the Federal Advisory Committee Act is within § 410(a)'s exemption because a number of its provisions "have something to do with" the exempt areas specified in § 410(a); concluding

that § 410(a)'s "exemption is not limited to laws whose 'sole' or 'prevailing' purposes relate to those matters" specified); Nat'l Easter Seal, 656 F.2d at 766-767) (concluding that the statutory language and legislative history of § 410 indicate that the exemption set forth in § 410(a) is to be construed broadly; noting that § 410(a) is worded to exempt the USPS from any federal law involving the particular subjects listed and that legislative history indicates that all laws relating to the subjects listed are made inapplicable to the USPS).

The Court finds that § 410(a)'s broad exemption encompasses the JSIA.  The JSIA falls within the PRA's exemption for federal laws "dealing with . . . employees."  The JSIA provides that:  "No employer shall discharge, threaten to discharge, intimidate, or coerce any permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States."  28 U.S.C. § 1875(a).  It further provides that "[a]ny employer who violates the provisions of [§ 1875]" may be held civilly liable.  28 U.S.C. § 1875(b).  The JSIA therefore has "something to do with" employees and is "concerned" with employees because it prohibits employers from, among other things, discharging an employee for federal jury service.  The legislative history of the statute supports this conclusion, as it indicates that the JSIA is "intended to provide statutory protection for the continued employment of persons summoned to federal jury service."  H.R. Rep. 95-1652 at 15 (1978).  Accordingly, because the JSIA is a law that relates to employees, the PRA exempts the USPS from liability under the JSIA.  To conclude otherwise would require the Court to construe the PRA's broad exemption narrowly, which the Court declines to do given the breadth of the language used by Congress in § 410(a).

Plaintiff, for his part, has not sustained his burden to demonstrate the existence of subject matter jurisdiction by showing that the substantive liability defined by the JSIA extends to the USPS under the PRA.  Plaintiff does not argue that the PRA subjects the USPS to liability by express mention.  Nor does Plaintiff argue, let alone demonstrate, that the JSIA is outside the broad exemption under § 410(a) because it is not a federal law "dealing with" employees.  Instead, Plaintiff argues that "allowing a cause of action to

proceed against the USPS for a violation of the [JSIA] is not inconsistent with the remedial purposes of the JSIA." Pl.'s Supp. Brief at 2. In support of this argument, Plaintiff relies on Flamingo Indus. to argue, without elaboration or legal analysis, that because the PRA makes no express mention of the JSIA, the proper inquiry for the Court is "whether the remedial purposes of the act the complainant relies upon are inconsistent with the statutory or constitutional scheme when applied to the federal entity defendant." Id. at 6. Plaintiff, however, did not direct the Court to any portion of Flamingo Indus. that supports his position. A review of the case did not reveal any language supporting Plaintiff's position. Thus, to the extent that Plaintiff seeks to satisfy his burden to demonstrate the existence of subject matter jurisdiction based on this argument, the Court finds that this argument is unsupported, and therefore lacks merit. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court.").

In sum, because there is no express statement from Congress in the JSIA or PRA establishing that the USPS is subject to liability under the JSIA, and because the Court concludes that Congress has exempted the USPS from liability under the JSIA pursuant to § 410(a) of the PRA, there is no avenue for relief against the USPS for a violation of the JSIA. As such, this Court lacks subject matter jurisdiction over Plaintiff's JSIA claims under the doctrine of sovereign immunity. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED as to Plaintiff's JSIA claims. Because amendment would be futile, these claims are DISMISSED with prejudice.[4]

### 3. CSRA Claim

Plaintiff alleges that he was retaliated against by Defendant in violation of the CSRA after he filed complaints pursuant to the procedures of the PSBCA. Compl. ¶¶ 65-69. Plaintiff claims that Defendant, through his agents, placed documents critical of Plaintiff's

---

[4] Having dismissed Plaintiff's JSIA claims on the basis of sovereign immunity, the Court declines to reach the alternative arguments for dismissal raised by Defendant.

- 10 -

performance in Plaintiff's Official Personnel File and removed documents from this file that praise his performance.  Id. ¶ 70.

Defendant contends, among other things, that Plaintiff's CSRA claim is subject to dismissal for lack of subject matter jurisdiction because Plaintiff has not identified any specific provision of the CSRA authorizing judicial review of this claim.  In response, Plaintiff does not argue that his complaint identifies a specific provision of the CSRA authorizing judicial review of his CSRA claim.  Instead, Plaintiff argues that his termination for serving as a grand jury foreman is a prohibited employment practice under the CSRA, and that subject matter jurisdiction exists because he has exhausted his administrative remedies with the PSBCA.

The CSRA creates a remedial scheme through which federal employees can challenge their supervisors' "prohibited personnel practices."  Mangano v. United States, 529 F.3d 1243, 1246 (9th Cir. 2008); Mahtesian v. Lee, 406 F.3d 1131, 1134 (9th Cir. 2005).   If the challenged conduct falls within the scope of the CSRA's "prohibited personnel practices," then the CSRA's administrative procedures are the employee's only remedy.  Mangano, 529 F.3d at 1246; Mahtesian, 406 F.3d at 1134 ("The CSRA limits federal employees challenging their supervisors' 'prohibited personnel practices' to an administrative remedial system.").  The CSRA does not provide a private cause of action. See Wilborn v. Napolitano, 2012 WL 354494, at *6 (S.D. Cal. 2012); Ercole v. Lahood, 2010 WL 1286317, at *16 (E.D.N.Y. 2010); Chrisanthis v. Nicholson, 2007 WL 2782860, *4 (N.D. Cal. 2007).  Here, because the CSRA does not provide a private cause of action, Plaintiff's only remedy for the CSRA violation alleged in his complaint is to pursue the CSRA's administrative procedures.  See Saul v. United States, 928 F.2d 829, 833 (9th Cir. 1991) (describing the CSRA's administrative procedures).

Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED as to Plaintiff's CSRA claim.  Because amendment would be futile, this claim is DISMISSED with prejudice.[5]

### B.	Motion to Dismiss Under Rule 12(b)(6)

In light of the Court's ruling on Defendant's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court DENIES Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6) as MOOT.

## III.	CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1.	Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

2.	Defendant's motion to dismiss for failure to state a claim is DENIED as MOOT.

3.	This Order terminates Docket 9.

4.	The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated:  September 28, 2012

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[5] Because the Court has dismissed Plaintiff's CSRA claim on the ground that the CSRA does not provide a private cause of action, it declines to address Defendant's alternative argument for dismissal.